The opinion of the court was delivered by
Tod, J.
Secret incumbrances on real estate are not permitted by our law. Whether a confession of judgment for debt or damages uncertain in amount, without any statement of the cause of action, and without any declaration or document on the record, or in the office by which the amount can possibly be known, is from the time of such confession a lien upon land valid for whatever sum may be afterwards fixed, appears to me to be a question that can scarcely bear a doubt. It has not been contended that such an entry could be brought before a sheriff’s inquest to condemn real estate, or that an execution could issue, or action of debt be brought upon it; or that in case of death and deficiency of assets, it could be entitled to preference as a judgment. Indeed, there would be a difficulty, perhaps insuperable, of having even a writ of inquiry of damages upon such an entry. In equity, a decree to account gives no priority in the distribution of assets until the account is taken, and the sum ascertained. 2 Atk. 385. In Helvete v. Rapp, cited by the counsel for the plaintiff in error, judgment was for a precise sum. In all the other cases cited by the counsel, it will appear that judgment was for a certain sum, or the claim of the plaintiff, if not fixed by the statement of the cause of action, had been identified, or at least limited, by the amount of debt or damages laid in the declaration. For the fullest authority on this head, see Lewis v. Smith, 2 Serg. & Rawle, 142. A final judgment for money, without any sum, either directly or by reference, would appear no less a solecism than a judgment without naming the parties. To support such an entry as a lien upon land, could produce no advantage or convenience. It might be giving the means of unfair collusion to the parties. It would encourage the grossest negligence, and create many disputes. It would be almost turning this part of the law upside down, and making a judgment to be the beginning of a law suit, when it ought rather to be the end of one. The opinion of the court is, that here is a judgment of the Philadelphia Bank against John Miller, binding real estate from the ascertainment of the sum, viz: 10th of December, 1821, and not before. The judgment .of the Court of Common Pleas of Fayette county is affirmed.
Judgment affirmed.